UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bruce L. Jordan,

        Plaintiff,

v.                                                      Civil No. 14-1231 (JNE/JJK)
                                                                ORDER

U.S. Bank National Association, U.S. Bank
Home Mortgage, Federal Home Loan
Mortgage Corporation,[1] Mortgage
Electronic Registration Systems, Inc., and
John and Jane Does 1-10,

        Defendants.

In 2010, Bruce Jordan bought real property located in Mound, Minnesota. As part of the purchase, he executed a note and a mortgage. The mortgage was foreclosed in 2013. After the sheriff's sale, Jordan brought this action against U.S. Bank National Association and Federal Home Loan Mortgage Corporation, which are alleged assignees of the "mortgage obligation"; Mortgage Electronic Registration Systems, Inc., which is "an electronic registry and clearinghouse"; and U.S. Bank Home Mortgage, which is a servicing agent.[2] U.S. Bank, Federal Home Loan Mortgage, and Mortgage Electronic Registration Systems filed a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). At Jordan's request, his deadline to respond to the motion was extended to September 8, and the moving parties' deadline to

---

[1]    "Federal Home Loan Corporation" appears in the complaint's caption. Later, the complaint names "Federal Home Loan Mortgage Corporation" as a defendant. The Court assumes that Jordan sued Federal Home Loan Mortgage Corporation.

[2]    According to the motion, U.S. Bank Home Mortgage "is a division of U.S. Bank and not a separate legal entity."

file a reply was extended to September 22, 2014. After Jordan had failed to respond to the motion, the Court took the motion under advisement without oral argument.[3] For the reasons set forth below, the Court grants the motion.

In ruling on a motion to dismiss for failure to state a claim, a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d

---

[3] In light of Jordan's failure to respond to their motion, the moving parties asked that the hearing be cancelled and that this action be dismissed with prejudice "because Plaintiff has not opposed Defendants' motion." Jordan's failure to respond to the motion does not necessarily mean that the action should be dismissed. *See Maxwell v. Linn Cnty. Corr. Ctr.*, 310 F. App'x 49, 49-50 (8th Cir. 2009) (per curiam); *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 149-50 (8th Cir. 1981).

1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

### Count One—Breach of contract

Jordan claimed numerous breaches of contract. He repeatedly failed to pay his property taxes on time and in full. Under the mortgage, U.S. Bank could pay the taxes, seek reimbursement, rescind the waiver of escrow, charge late fees, apply his payments to past due amounts, and eventually refuse his payments that were "insufficient to bring the [l]oan current." Jordan failed to state a claim for breach of contract.

### Count Two—Defective foreclosure

Jordan claimed that the foreclosure was defective because U.S. Bank had assigned the mortgage to Federal Home Loan Mortgage without recording the assignment. *See* Minn. Stat. § 580.02 (2012) (amended 2013). He alleged that U.S. Bank admitted in a letter, which was attached to his complaint, that the "Mortgage Obligation was owned by" Federal Home Loan Mortgage. But the letter did not indicate that the mortgage had been assigned to Federal Home Loan Mortgage. Instead, the letter stated that Federal Home Loan Mortgage is the "investor/owner of the debt obligation." *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 493-94 (Minn. 2009). Jordan has not plausibly alleged that an unrecorded assignment of the mortgage from U.S. Bank to Federal Home Loan Mortgage existed or that U.S. Bank's bid at the foreclosure sale was defective. *See JPMorgan Chase Bank, N.A. v. Erlandson*, 821 N.W.2d 600, 609-10 (Minn. Ct. App. 2012). The Court dismisses Count Two.

### Count Three—Real Estate Settlement Procedures Act (RESPA)

Jordan claimed that U.S. Bank Mortgage violated RESPA by failing to make corrections to his account, failing to investigate alleged errors or to provide a written statement of reasons why his account was correct, and incorrectly reporting certain payments as late or unpaid.  Jordan failed to plausibly allege that corrections were warranted, that U.S. Bank's response to his qualified written request was deficient, or that U.S. Bank made reports to a consumer reporting agency.  Moreover, he failed to allege how he was damaged by the alleged violations, and he failed to plausibly allege that U.S. Bank engaged in a pattern or practice of violations.  *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013); *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510-11 (8th Cir. 2012).  The Court dismisses Jordan's RESPA claim.

### Count Four—Slander of title

The elements of a claim for slander of title are: "(1) [t]hat there was a false statement concerning the real property owned by the plaintiff; (2) [t]hat the false statement was published to others; (3) [t]hat the false statement was published maliciously; [and] (4) [t]hat the publication . . . caused the plaintiff pecuniary loss in the form of special damages." *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Jordan alleged that a Pendency of Proceeding and Power of Attorney to Foreclose, as well as a Sheriff's Certificate, contained false statements because U.S. Bank had assigned its interest in the mortgage to Federal Home Loan Mortgage.  As noted above, Jordan failed to plausibly allege the existence of an unrecorded assignment of the mortgage from U.S. Bank to Federal Home Loan Mortgage.  The Court dismisses this claim.

## Counts Five and Six

In Count Five, Jordan alleged violations of the Minnesota Residential Mortgage Originator and Servicer Licensing Act.  In Count Six, he asserted a claim under Minn. Stat. § 8.31 (2012).  Each count rests on the statutory claims dismissed above.  Having failed to state claims for defective foreclosure or violations of RESPA, Jordan failed to state claims in Counts Five and Six.

## Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. U.S. Bank, Federal Home Loan Mortgage, and Mortgage Electronic Registration Systems' Joint Motion to Dismiss Pursuant to Rule 12(b)(6) [Docket No. 11] is GRANTED.

2. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 9, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge